White, J.
Wé see no ground in this case for disturbing •the judgment of the court below. Henry Speer, the plaintiff in error, and his son, Edward D. Speer, carried, •on business as copartners from 1866 to June 1,1871, under the firm name of Henry Speer & Co. Until late in the year 1868, their place of business was Cincinnati. At that time they removed to Brookville, Indiana; but, after removing to Brookville, they still kept an office open for the transaction of business in Cincinnati. The firm had acquired a good reputation for pecuniary responsibility and for promptitude in meeting its obligations. Henry Speer was a man of means and gave the firm its credit.
On the 1st of June, 1871, Henry Speer sold his interest in the firm to his partner and another son, James H. Speer, the two sons, by agreement with the father, continuing the business as theretofore, in the firm name of Henry Speer & ■Co. Notice was published in the same month of June, both in Brookville and Cincinnati, of the dissolution of the old and the formation of the new firm. After the dissolution, it appears Henry Speer had no interest in the new firm. In the following January, the new firm, in the name ■of Henry Speer & Co., purchased of Bishop & Co., merchants in Cincinnati, the goods for the price of which the .suit was brought. There had been no previous dealings between the plaintiffs, Bishop & Co., and either the old or new firm of Henry Speer & Co.
From the evidence, the court was warranted in finding that Bishop & Co. had no notice of the dissolution of the *602 old firm, and that they sold the goods in question on the faith that Henry Speer continued to be a member of the firm.
The foregoing are the only facts we deem it material to notice.
The fair inference to be drawn, it seems to us, from the fact that the father allowed his name to be continued as an ostensible member of the firm, is, that he intended to give to his son the benefit, with the public, of his credit. To the extent, therefore, that third persons were induced to trust the new firm on the faith that he was a member, he ought, upon the principles of good faith, to be estopped from denying the fact. His consent to such use of his name was, in effect, a continuing representation to those ignorant of the facts, that he was one of the firm.
It is also claimed that the estoppel can not be made available under the issue. On the trial, the plaintiffs’ evidence made a prima facie case. The defendant, to rebut the case thus made, gave evidence to show the dissolution of the old firm; but, in doing so, he showed a state of fact, when taken in connection with the case already made, that required him to be estopped, as against the plaintiffs, from availing himself of the dissolution as a defense. No question of variance between the proof and the pleading was raised at the trial. In such casé, it is too late on error to make the objection.

Leave refused.

Day, C. J., McIlvaine, Welch, and Rex, JJ., concurring.